UNITED STATES OF AMERICA,

      Plaintiff,

vs.

NORRIS WILLIAMS,

      Defendant.

_____/

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

      **COMES NOW,** the Defendant, NORRIS WILLIAMS ("WILLIAMS", by and through his undersigned Attorney, and respectfully requests the Court to include the following proposed instructions in its charge to the jury, and further requests leave to offer such additional instructions as may become appropriate during the course of the trial.

      Respectfully submitted,

      JOFFE LAW, P.A.
      Attorney for Defendant
      One East Broward Boulevard, Suite 700
      Fort Lauderdale, Florida 33301
      Telephone: (954) 723-0007
      Facsimile: (954) 723-0033
      davidjjoffe@aol.com

      By     /s/*David J. Joffe*
          DAVID J. JOFFE, ESQUIRE
          FLORIDA BAR NO. 0814164

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March _____, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

JOFFE LAW, P.A.
Attorney for Defendant
One East Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33301
Telephone: (954) 723-0007
Facsimile: (954) 723-0033
davidjjoffe@aol.com

By___/s/ *David J. Joffe*_____
       DAVID J. JOFFE, ESQUIRE
       FLORIDA BAR NO. 0814164

**<u>COURT'S INSTRUCTIONS</u>**

**<u>TO THE JURY</u>**


Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions you will go to the jury room and begin your discussions — what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1

### Duty to Follow Instructions
### Presumption of Innocence

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it — even if you do not agree with the law — and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant is not evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

## ANNOTATIONS AND COMMENTS

11th Cir. Pattern Jury Instruction 2.1 (Basic Instruction) (2010)

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 2

## The Duty to Follow Instructions and the Presumption
## of Innocence When a Defendant Does Not Testify

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it — even if you do not agree with the law — and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant' isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove [his] [her] innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

## ANNOTATIONS AND COMMENTS

*United States v. Teague,* 953 F. 2d1525, 1539 (11th Cir. 1992), *cert. denied,* 506 U.S. 842, 113 S. Ct. 127, 121 L. Ed. 2d 82 (1992), Defendant who does not testify is entitled to instruction that no inference may be drawn from that election; *seas also United States v. Veltman,* 6 F.3d 1483, 1493 (11th Cir. 1993) (Court was "troubled" by "absence of instruction on the presumption of innocence at the beginning of the trial . . . . Although the court charged the jury on the presumption before they retired to deliberate, we believe it extraordinary for a trial to progress to that stage with nary a mention of this jurisprudential bedrock.")

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3

## Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

## ANNOTATIONS AND COMMENTS

*United States v. Daniels,* 986 F.2d451 (11th Cir. 1993), opinion readopted on rehearing, 5 F.3d 495 (11th Cir. 1993), *cert. denied,* 511 U.S. 1054, 114 S. Ct. 1615, 128 L. Ed. 2d 342 (1994) approves this definition and instruction concerning reasonable doubt; *see also United States v. Morris,* 647 F.2d568 (5th Cir. 1981); *Victor v. Nebraska,* 511 U.S. 1, 114 S. Ct. 1239, 127 L. Ed. 2d 583 (1994) (discussing "reasonable doubt" definition and instruction).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4

### Consideration of Direct and Circumstantial Evidence;
### Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters. In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

## ANNOTATIONS AND COMMENTS

11th Cir. Pattern Jury Instruction 4 (Basic Instruction) (2010)

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 5

## Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

## ANNOTATIONS AND COMMENTS

11th Cir. Pattern Jury Instruction 5 (Basic Instruction) (2010)

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 6

### Character Evidence

Evidence of a defendant's character traits may create a reasonable doubt.

You should consider testimony that a defendant is an honest and law-abiding citizen along with all the other evidence to decide whether the Government has proved beyond a reasonable doubt that the Defendant committed the offense.

## ANNOTATIONS AND COMMENTS

Rule 404. [Fed. R. Evid.] Character Evidence Not Admissible To Prove Conduct; Exceptions; Other Crimes

(a) Character evidence generally. Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion, except:

(1) Character of accused. Evidence of a pertinent trait of character offered by an accused, or by the prosecution to rebut the same;…

*See United States v. Broadwell,* 870 F.2d 594, 609 (11th Cir. 1989), *cert. denied,* 493 U.S. 840, 110 S. Ct. 125, 107 L. Ed. 2d 85 (1989).

*United States v. Darland,* 626 F.2d1235 (5th Cir. 1980) held that it can be plain error to refuse this instruction when the Defendant offers evidence of good character; and, further, the admission of such evidence may not be conditioned on the Defendant testifying as a witness. Character evidence may be excluded, however, when the proffered witness has an inadequate basis for expressing an opinion as to the Defendant's character. *United States v. Gil,* 204 F.3d 1347 [11th] Cir. 2000). A distinction must be drawn between evidence of a pertinent trait of the Defendant's character, offered under Fed. R. Evid. 404(a)(1), and evidence of the character of a witness for truthfulness (including the Defendant as a witness) offered under Fed. R. Evid. 608(a). This instruction should be given when the evidence has been admitted under Rule 404. Basic Instruction 6.7 should be given when evidence has been admitted under Rule 608.

In either case - - whether character evidence is admitted under Rule 404 or Rule 608 - -Rule 405(a) provides that such "proof may be made by testimony[4]as to reputation or by testimony in the form of an opinion."

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 7

## Impeachment of Witnesses Because of
## Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## ANNOTATIONS AND COMMENTS

*See United States v. D'Antignac,* 628 F.2d428, 435-36 n.10 (5th Cir. 1980), *cert. denied,* 450 U.S. 967, 101 S. Ct. 1485, 67 L. Ed. 2d 617 (1981)(approving a previous version of this instruction used in conjunction with Basic Instruction 5 and Special Instruction 2.1 as befitted the facts of that case). See also *United States v. McDonald,* 620 F.2d559, 565 (5th Cir. 1980), and *United States v. Soloman,* 856 F.2d1572, 1578 (11th Cir. 1988), *reh'g denied,* 863 F.2d890 (1988), *cert. denied,* 489 U.S. 1070, 109 S. Ct. 1352, 103 L. Ed. 2d 820 (1989).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 8

### Impeachment of Witnesses Because of
### Inconsistent Statements or Felony Conviction

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## ANNOTATIONS AND COMMENTS

*See United States v. Solomon,* 856 F.2d1572, 1578 (11th Cir. 1988), *reh'g denied,* 863 F.2d890 (1988), *cert. denied,* 489 U.S. 1070, 109 S. Ct. 1352, 103 L. Ed. 2d 820 (1989).

**Impeachment of Witnesses Because of Inconsistent Statements**
**(Defendant with No Felony Conviction Testifies)**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to' forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail. .

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

**ANNOTATIONS AND COMMENTS**

11th Cir. Pattern Jury Instruction 6.3 (Basic Instruction) (2010)

**Impeachment of Witnesses Because of Inconsistent Statements
or Felony Conviction
(Defendant with No Felony Conviction Testifies)**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

To decide whether you believe a witness, you may consider the fact that the witness has been convicted of a felony or a crime involving dishonesty or a false statement.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to' forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

**ANNOTATIONS AND COMMENTS**

11th Cir. Pattern Jury Instruction 6.5 (Basic Instruction) (2010)

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 11

### Impeachment of Witness Because of Bad Reputation for
### (or Opinion about) Truthfulness
### (May Be Used With 6.1 - 6.6)

There may also be evidence tending to show that a witness has a bad reputation for truthfulness in the community where the witness resides, or has recently resided; or that others have a bad opinion about the witness's truthfulness.

You may consider reputation and community opinion in deciding whether to believe or disbelieve a witness.

## ANNOTATIONS AND COMMENTS

Rule 608. [Fed. R. Evid.] Evidence of Character and Conduct of Witness

(a) Opinion and reputation evidence of character. - - The credibility of a witness may be attacked or supported by evidence in the form of opinion or reputation, but subject to these limitations: (1) the evidence may refer only to character for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

*See United States v. Watson,* 669 F.2d1374, 1381-1383 (11th Cir. 1982) distinguishing between reputation witnesses and personal opinion witnesses, and finding error in the exclusion of opinion testimony.

*See also,* Special Instruction 11, Character Evidence (relating to evidence of the character of the accused offered under Rule 404(a)(1), Fed. R. Evid.), an,d the Annotations and Comments following that instruction.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 12

### Expert Witness

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

## ANNOTATIONS AND COMMENTS

*United States v. Johnson,* 575 F.2d1347, 1361 (5th Cir. 1978), *cert. denied,* 440 U.S. 907, 99 S. Ct. 1214, 59 L. Ed. 2d 454 (1979).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 13

### Identification Testimony

The Government must prove beyond a reasonable doubt that the Defendant was the person who committed the crime.

If a witness identifies a Defendant as the person who committed the crime, you must decide whether the witness is telling the truth. But even if you believe the witness is telling the truth, you must still decide how accurate the identification is. I suggest that you ask yourself questions:

- Did the witness have an adequate opportunity to observe the person at the time the crime was committed?

- How much time did the witness have to observe the person?

- How close was the witness?

- Did anything affect the witness's ability to see?

- Did the witness know or see the person at an earlier time?

You may also consider the circumstances of the identification of the Defendant, such as the way the Defendant was presented to the witness for identification and the length of time between the crime and the identification of the Defendant.

After examining all the evidence, if you have a reasonable doubt that the Defendant was the person who committed the crime, you must find the Defendant not guilty.

## ANNOTATIONS AND COMMENTS

*See United States v. Martinez,* 763 F.2d 1297, 1304 (11th Cir. 1985)

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 14

### Note-taking

You've been permitted to take notes during the trial. Most of you — perhaps all of you — have taken advantage of that opportunity.

You must use your notes only as a memory aid &ring deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

## ANNOTATIONS AND COMMENTS

11th Cir. Pattern Jury Instruction 5 (Basic Instruction) (2010)

**Controlled Substances-**
**Possession with Intent to Distribute**
**21 U.S.C. §841(a)(1)**

It's a federal crime for anyone to possess a controlled substance with intent to distribute it.

Heroin is a "controlled substance."

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)  The Defendant knowingly possessed heroin;

(2)  The Defendant intended to distribute the heroin; and

(3)      The weight of the heroin defendant possessed was more than one (1) kilogram or more of a mixture or substance containing a detectable amount of heroin.

To "intend to distribute" is to plan to deliver possession of a controlled substance to someone else, even if nothing of value is exchanged.

**ANNOTATIONS AND COMMENTS**

21 U.S.C. §841(a) provides:

. . . . it shall be unlawful for any person knowingly or intentionally
(1) To manufacture, distribute, or dispense, or possess with the intent to manufacture, distribute or dispense a controlled substance; or
(2) To create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

The Committee has omitted the word "willfully" which was previously used in this instruction. "Willfully" is not used in the statute, and the essence of the offense is a knowing possession of a controlled substance with an intent to distribute it.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 16

**Caution: Punishment**
**(Single Defendant, Multiple Counts)**

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial <u>only</u> for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

## ANNOTATIONS AND COMMENTS

There may be cases in which the last sentence of the first paragraph of this instruction is inappropriate and should be deleted. This may occur, for example, in prosecutions under 18 U.S.C. § 1962 (RICO offenses) or 21 U.S.C. § 848 (Continuing Criminal Enterprise offenses) where the indictment is structured so that a conviction of one count or counts (sometimes called "predicate offenses") is necessary to a conviction of another count or counts.

# DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 17

## Duty to Deliberate

Your verdict, whether guilty or not guilty, must be unanimous — in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges — judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## ANNOTATIONS AND COMMENTS

*See United States v. Brokemond,* 959 F.2d206, 209 (11th Cir. 1992). *See also United States v. Cook,* 586 F.2d572 (5th Cir. 1978), *reh'g denied,* 589 F.2d1114 (1979), *cert. denied,* 442 U.S. 909, 99 S. Ct. 2821, 61 L. Ed. 2d 274 (1979); *United States v. Dunbar,* 590 F.2d1340 (5th Cir. 1979).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 18

### Verdict

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible —either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

## ANNOTATIONS AND COMMENTS

*United States v. Norton,* 867 F.2d1354, 1365-66 (11th Cir. 1989), *cert. denied,* 491 U.S. 907, 109 S. Ct. 3192, 105 L. Ed. 2d 701 (1989) and 493 U.S. 871, 110 S. Ct. 200, 107 L. Ed. 2d 154 (1989) notes that the Court should not inquire about, or disclose, numerical division of the jury during deliberations but states that "[r]eversal may not be necessary even where the trial judge undertakes the inquiry and thereafter follows it with an *Allen* charge, absent a showing that either incident or a combination of the two was inherently coercive." See *United States v. C Brokemond,* 959 F.2d206, 209 (11th Cir. 1992). *See also United States v. Cook,* 586 F.2d572 (5th Cir. 1978), *reh'g denied,* 589 F.2d1114 (1979), *cert. denied,* 442 U.S. 909, 99 S. Ct. 2821, 61 L. Ed. 2d 274 (1979).