FILED

2018 JUL 30 PM 4: 23

CLERK US DISTRICT COURT
DISTRICT OF FLORIDA
FORT MYERS FLORIDA

United States District Court

in the Middle District of Florida

Fort Myers, Division

Case No. 2:15-cr-00149-SPC-MRM-1

---

United States of America

Plaintiff,

v.

Norris Williams

Defendant.

---

Motion for new trial pursuant to

Federal Rule of Criminal Procedure 33

(

## MOTION FOR NEW TRIAL PURSUANT TO
## FEDERAL RULE OF CRIMINAL PROCEDURE 33

Comes now the petitioner Norris Williams "Defendant", Who files this motion Pro Se. He prays that this Court construes this motion liberally per Haines v. Kerner, 404 U.S. 519 (1972). The defendant Mr. Williams brings this motion in good faith due to difficulties that Mr. Williams had with the attorney David J. Joffe. Mr. Williams prays that this Court take into consideration that he is a la man of the law, however the issue that arose making this request for a new trial is not based solely on counsel. It is also based on the fact that there is exculpatory evidence that can and will warrent a new trial. Mr. Williams brings this motion in a timely manner, based on Federal Rule of Criminal Procedure 33, which states that:

> Rule 33(b)(1),
>
> A motion for new trial based on newly discovered evidence must be filed within three (3) years after the verdict or a finding of guilt.

Mr. Williams motion for a new trial is timely based on the fact that his trial and sentencing occured in April of 2016 and October of 2016 respectivly.

## SUMMARY OF ARGUMENT

This motion is timely as it is primarily based on preserving exculpatory evidence that has been sought. Mr. Williams made a FOIA

-1-

request (see exhibit) based on the DEA handling of his case.
The DEA responded that there is "materials available", due to the
fact it is an ongoing investigation, that material will be made
available at a later date. With that being said, Mr. Williams
has been convicted and is serving a 360 month sentence for a gov-
erment induced buy of a kilogram purchase of Herione. Inter-alia
the evidence is important. However, there is no time spacific
availability of the material in question. Mr. Williams, who is
Pro Se, prays this Court grants the motion for new trial and va-
cates the current judgment or remands to the Court for an eviden-
tiary hearing based on the newly discovered evidence as allowed
by Rule 33(b)(1).


## ARGUEMENT

Based on Brady v. Maryland, 373 U.S. 83 (1963), "The district
court granted the defendant a new sentencing because the undis-
closed confession was material to punishment." This situation is
similiar to Brady supra id., becuase Mr. Williams (who is the
defendant) requested for his discovery that was not available at
trial and asked about all the evidence or any full facts reg-
arding the materials that are available. In this circuit "defen-
dants have a right to present exculpatory evidence", United States
v. Hurn, 368 F.3d 1359 and United States v. Stephens, 365 F.3d 967
(11[th]Cir. 2004).


Now, the intrest of justice comes into question, when a defend-

ant exercises his right to trial, then evidence that is previous-
ly unavailable then turns up and or is still being used. The
Supreme Court has made clear ruling, when it stated "any excul-
patory evidence that is favorable to the defendant must be turned
over" id. In Brady for example the Court stated evidence "fav-
orable to an accused" must be turned over to the defendant. The
Supreme Court revisited Brady in 2016 in Weary v. Cain, 136 S. Ct.
1002 (2016) "under Brady, we must evaluate the significance of
the withheld information in light of all the proof at petition-
ers trial." Weary quoting Kyles v. Whiley, 514 U.S. at 435. In
Weary the petitioner, who was already convicted and on death row,
was told by a fellow inmate that a jailhouse informant was work-
ing with the prosecution and also Weary's co-defendant agreed to
testify. Weary asked his attourney for the identity of the info-
rmant and the information about the confession. He was provided
scant or no information which violated his Fifth Amendment Due
Process and his Sixth Amendment effective assistance of counsel
and right to cross examine his accuser rights. For the record
Mr. Williams is in a similiar situation as Mr. Weary, however Mr.
Williams sought the evidence through the FOIA to solidify the
fact that the information comes from a certified government age-
ncy. It would be a clear violation of Brady v. Maryland, 373 U.S.
83 (1963), if Mr. Williams is not granted an evidentiary hearing
on the newly discovered evidence. Taking into consideration the
public confidence in the integrity of the judicial process would
come into question if Mr. Williams is unable to prevail on the

-3-

claim for a new trial. The Supreme Court made clear in Roseles-
Mireles v. United States, 584 U.S. ___ ___ (2018), that any error
left uncorrected constitutes plain error. Mr. Williams prays
that this court grants this motion on the above facts.

## REASON FOR A NEW TRIAL

Mr. Williams made numerous attempts to ask counsel to retrieve
such information and provide the information to the record. He
recived deficient performance from his attorney because he never
effectively communicated to Mr. Williams about how to get the
information let alone give him the insight on how to find the
information, based on Cronic v. United states, 466 U.S. 648
(1984), "counsel is supposed to be an advocate for the defendant
not an advesary for the accused." Mr. Williams is cognizant that
this is a motion for new trial and most humbly requests that this
Court not construe it as a 28 U.S.C. §2255 motion. He is exer-
cising his Constitutional Due Process rights under the Fifth
Amendment to the United States Constitution and is giving a det-
ailed account of what brings him back to the Court without delay.

When Mr. Williams was given Mr. Joffe, there were numerous att-
empts to communicate about the significant details about his case.
During trial: Mr. Joffe failed to object to the career offender
enhancment that caused petitioner to be prejudiced with a 360
month sentence. The cause and prejudice standard comes from
Strickland v. Washington, 466 U.S. 668 (1984).

-4-

Under Strickland the courts have consistantly used the cause and prejudice standard at trial proceedings. Mr. Williams has suffered severe prejudice when his counsel not only failed to object to the career offender, but also failed to object to the fact that the inducment and or entrapment defense was taken out of the jury instructions. In this circuit a defendant can recive an inducment instruction based on United States v. Mathews, 485 U.S. 58 (1988), where it states inducment focuses upon whether the defendant was an; 1) Unwary innocent or an 2) unwary "criminal" who readily availed himself of the oppertunity to perpetrate the crime. Mr. Williams at trial told his attorney that he was induced and that detective Gonzalez on the stand confessed that a buyer dictates the amount purchased not the seller. Petitioner was not only prejudiced, but his Fifth Amendment Due Process rights were violated aswell as his Sixth Amendment right to cross examine witnesses was violated under Crawford v. Washington, 541 U.S. 36 (2004).

## CONCLUSION

Mr. Williams prays that this Court grants this motion for a new trial and takes into consideration the prejudice he has suffered due to his attourneys misconduct. Aswell as order an evidentiary hearing based on the fact that there is exculpatory evidence.

## CERTIFICATE OF SERVICE

I Norris Williams hereby avir under the penalties of perjury (28 U.S.C. §1756), that a true and correct copy of the forgoing has been sent to:

Charles Schmidtz, A.U.S.A.

2100 First Street, Suite 3-137

Fort Myers, FL 33901

*Norris Williams*

Oath and Affirmation

Norris Williams

Reg# 33221-018

FCI Coleman - Medium

P.O. Box 1032

Coleman, FL 33521

# Exhibit: A



**U.S. Department of Justice**
Drug Enforcement Administration
FOI/Records Management Section
8701 Morrissette Drive
Springfield, Virginia 22152

MAY 0 4 2018

Case Number: 18-00176-P

Subject: Williams, Norris

Norris Williams
Reg. No. 33221-018
FCI Coleman Medium
P.O. Box 1032
Coleman, Florida 33521-1032

Dear Mr. Williams:

This letter responds to your Freedom of Information/Privacy Act (FOI/PA) request dated January 15, 2018, addressed to the Drug Enforcement Administration (DEA), Freedom of Information/Privacy Act Unit (SARF), seeking access to information regarding the above subject.

After reviewing your request, we conducted a search for responsive records pertaining to the above subject. To search for responsive records, we queried the DEA Investigative Reporting and Filing System (IRFS). IRFS is the system of records that contains all administrative, general and investigative files compiled by DEA for law enforcement purposes. As a result of our query, we were able to identify records pertaining to the subject of your request.

A determination has been made to withhold all documents pursuant to subsections of the Privacy Act and/or Freedom of Information Act referenced at the end of this letter. The exemption number(s) indicated by a mark appearing in the block to the left of the subsection cited constitutes the authority for withholding the deleted material. An enclosure to this letter explains these exemptions in more detail.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. *See* 5 U.S.C. § 552(c). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may contact our FOIA Public Liaison at 202-307-7596 for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

If you have any questions regarding this letter, you may contact Government Information Specialist R. Green at (202) 307-4855.

Sincerely, .

Katherine Myrick

Katherine L. Myrick, Chief
Freedom of Information/Privacy Act Unit
FOI/Records Management Section

Enclosures

**APPLICABLE SECTIONS OF THE FREEDOM OF INFORMATION AND/OR PRIVACY ACT:**

| Freedom of Information Act 5 U.S.C. 552 | | | Privacy Act 5 U.S.C. 552a | |
|---|---|---|---|---|
| [ ] (b)(1) | [ ] (b)(5) | [X] (b)(7)(C) | [ ] (d)(5) | [ ] (k)(2) |
| [ ] (b)(2) | [ ] (b)(6) | [ ] (b)(7)(D) | [X] (j)(2) | [ ] (k)(5) |
| [ ] (b)(3) | [X] (b)(7)(A) | [X] (b)(7)(E) | [ ] (k)(1) | [ ] (k)(6) |
| [ ] (b)(4) | [ ] (b)(7)(B) | [X] (b)(7)(F) | | |

## EXPLANATION OF EXEMPTIONS
## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552

(b)(1)  (A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order;

(b)(2) related solely to the internal personnel rules and practices of an agency;

(b)(3) specifically exempted from disclosure by statute (other than section 552b of this title), if that statute-(A)(i) requires that the matters be withheld from the public in such a manner as to leave    no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld; and (B) if enacted after the date of enactment of the OPEN FOIA Act of 2009, specifically cites to this paragraph.

(b)(4) trade secrets and commercial or financial information obtained from a person and privileged or confidential;

(b)(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

(b)(6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy;

(b)(7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual;

(b)(8) contained in or related to examination, operating, or condition reports prepared by, on behalf of, or for the use of an agency responsible for the regulation or supervision of financial institutions; or

(b)(9) geological and geophysical information and data, including maps, concerning wells.

## SUBSECTIONS OF TITLE 5, UNITED STATES CODE, SECTION 552a

(d)(5) information compiled in reasonable anticipation of a civil action proceeding;

(j)(2) material reporting investigative efforts pertaining to the enforcement of criminal law including efforts to prevent, control, or reduce crime or apprehend criminals;

(k)(1) information which is currently and properly classified pursuant to an Executive order in the interest of the national defense or foreign policy, for example, information involving intelligence sources or methods;

(k)(2) investigatory material compiled for law enforcement purposes, other than criminal, which did not result in loss of a right, benefit or privilege under Federal programs, or which would identify a source who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(3) material maintained in connection with providing protective services to the President of the United States or any other individual pursuant to the authority of Title 18, United States Code, Section 3056;

(k)(4) required by statute to be maintained and used solely as statistical records;

(k)(5) investigatory material compiled solely for the purpose of determining suitability, eligibility, or qualifications for Federal civilian employment or for access to classified information, the disclosure of which would reveal the identity of the person who furnished information pursuant to a promise that his/her identity would be held in confidence;

(k)(6) testing or examination material used to determine individual qualifications for appointment or promotion in Federal Government service the release of which would compromise the testing or examination process;

(k)(7) material used to determine potential for promotion in the armed services, the disclosure of which would reveal the identity of the person who furnished the material pursuant to a promise that his/her identity would be held in confidence.

1425 New York Avenue N.W.
Suite 11050
Washington, DC 20005

Norris Williams
Register No. 33221-018
FCI Coleman
P.O. Box 1032
Coleman, FL 33521

June 5, 2018

Dear Mr. Williams,

This is to advise you that your administrative appeal from the action of the Drug Enforcement Administration regarding Request No. 18-00176-P was received by the Office of Information Policy (OIP) of the U.S. Department of Justice on 05/25/2018.

OIP has the responsibility of adjudicating such appeals. In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt. Your appeal has been assigned number DOJ-AP-2018-005907. Please mention this number in any future correspondence to this Office regarding this matter. Please note that if you provide an e-mail address or another electronic means of communication with your request or appeal, this Office may respond to your appeal electronically even if you submitted your appeal to this Office via regular U.S. Mail.

We will notify you of the decision on your appeal as soon as we can. If you have any questions about the status of your appeal, you may contact me at (202) 514-3642. If you have submitted your appeal through FOIAonline, you may also obtain an update on the status of your appeal by logging into your account.

Sincerely,

**PRISCILLA JONES**

Priscilla Jones

Digitally signed by PRISCILLA JONES
Date: 2018.06.05 15:41:36 -04'00'

Supervisory Administrative Specialist

# Exhibit: B



COURT OF APPEALS
RECEIVED
CLERK
DEC 07 2017
ATLANTA, GA
U.S. COURT

NO. 16-16822-FF

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,
                              Appellee,

v.

NORRIS WILLIAMS,
                              Appellant,

MOTION TO SUPPLEMENT
( Pursuant to Fed.R.App.Proc.Rule 28(J) )
( and Fed.R.App.Proc.Rule 26.1(B) )

**COME NOW,** Appellant, Norris Williams who requests that this Court does not construe this motion liberally, **Haines v. Kerner, 404 U.S. 519 (1972).** Appellant sends this letter in "Good Faith" requesting that this court take into consideration the following errors that were made during Mr. Williams Trial:

1. Mr. Willams Sixth(6) Amendment right to confront his accuser were violated under **Melendez-Diaz v. Massachussetts 557 U.Sl. 305 (2009),** when under cross-examination the facts of Officer Gonzalez's testimony was not taken into consideration. Whereas, that officer was an expert witness and specifically stated that: "The buyer determines the amount of Heroin to be purchased not the seller (DE: 89:196). It is clear that Detective Gonzalez is an expert in his profession.

2. In **Doe v. United States,    U.S.    ,** the Supreme Court held that in order to be considered testimonial "a com-

- 1 -

mmunication must itself explicitly or implicitly  relate
a factual assertion or disclose information that expresses
'The contents of an individuals mind'".  Based on the fact
Detective Gonzalez testified and the defendant testified at
trial about the nature of drug  to be brought were de-
termined by the "Seller" not the buyer solidifies the fact
that Mr. Williams did not want to buy a kilo.  Mr. Williams'
conviction is a prime example of a Insidious Machination.
Entrapment is the main benefactor of his conviction.  The
confrontation clause guarantees the accused to confront
the accuser **Crawford v. Washington, 541 U.S. 36, 50-52.**
It is the testimonial character of any item of evidence
that triggers the confrontational right. "Id., citing:
**Melendez-Diaz, Id.**  There is nothing in the record that
contradicts Mr. Williams innocence of only wanting to
purchase a $\frac{1}{2}$ kilogram, Detective Gonzalez Plainly stated
that it is not appropriate for a "Seller" to initiate
how much drugs gets purchased.  The Governments use of
inducement violated Mr. Willams 5th Amendment Due Process
Rights affecting his liberty once the agents were able
to enforce a one(1) kilogram purchase when he clearly
stated "No!", "I can't do that right now".  This is a
clear indication of indirect or vicarious entrapment.
This occours when a defendant such as the Appellant,
shows that he had no intentions of purchaseing a kilogram
of Herion, among other things the inducement of Detective
Chica offering Mr. Williams a kilogram is a violation of

<u>**Jacobson v. United States, 503 U.S. 5540, 548, 112s S.Ct. 153, 118**</u>
<u>**L.Ed.2d. 174 (1992)**</u>. In **Jacobson**, a defendant arguing that he was
entrapped must only prove the first of two elements:

1.  Government inducement of the crime
2.  and a lack of predisposition on the part of the
    defendant to engage in the criminal conduct. Upon
    such showing, the burden shifts to the prosecution
    to "Prove beyond a reasonable doubt that the defend-
    ant was predisposed to commit the criminal act prior
    to first being  approached by the government agents."
    **Jacobson**, supra.

**FROM,** the start when Chica first approached Williams to get
him to buy 1 kilograms of herion, the Appellant only asked for a
sample; but even then, the Appellant was reluctant to do that be-
cause it would obviously break up the "Brick". This shows that
the crime originated with the Government by the implanting of the
crime in his mind allowing him to even take a sample of 3 to 4
grams of herion with the insidious machination of later re-selling
that same "Brick" of herion (1 Kilogram) later to the Appellant.
This is clearly a **Jacobson,** violation infringing on his 5th Amend-
ment rights to Due Process of Law. <u>**United States v. Delgado-Marrero**</u>
<u>**744 F.3d 167 (2014)(11th Cir.);**</u> citing: <u>**Jacobson, id.**</u> The reason-
able-doubt standard, stemming from the Due Process Clause of the
Fifth Amendment to the United States Constitution, U.S. Const.
amend. V, is interwoven with the promis of jury verdict in the
Sixth Amendment to the United States Constitution, U.S. Const.
amend. VI. It is therefore well settled that, in a criminal case,

a vital part of a judge's responsibilities is to provide the "reasonable doubt" charge to the jury. Indeed, where a trial judge fails to instruct the jury that all the elements of the charged crime must be proven beyond a reasonble doubt, a finding of reversible plain error may be proper.

In this instance, Mr. Williams specifically stated "No, I can not do that right now". Among other things, in **Jacobson**, the Government may not "Implant in an innocent person's mind the disposition to commit a criminal act and then induce commission of the crime so that the Government may prosecute; quoting: **Jacobson, id.** Mr. Williams' 5th Amendment Due Process Rights were violated when he was not afforded the liberty to raise the entrapment jury instruction based on **United States v. Theagene, 565 F.3d. 918** "As with any exculpatory defense, the defendant is entitled to an entrapment instruction if he present "Evidence sufficient to support a reasonable jurys finding of entrapment". Here Mr. Williams clearly told Detective Chica "No".

Based on **United States v. Mathews 485 U.S. 57,** Mr. Williams was an "unwary criminal" who was induced to accept a kilogram in which he was not willing to accept nor was he willing to concede to trial. Mr. Williams prays that this Court accepts this supplement in "Good Faith" with the fact that he have a valid "Entrapment defense" based on **Mathews, id.**, supra. at 58. Also, he meets the first test under **Jacobson, id.** Appellant prays for a remand and a new trial with the instruction of entrapment based on **Mathews, id.** supra.

Respectfully Submitted

*Norris Williams*

Norris Williams, Pro Se
Register No.
FCC-Coleman-Medium
Post Office Box 1032
Coleman, Florida 33521-
                      1032

## CERTIFICATE OF SERVICE

I, Norris Williams, **HEREBY DECLARE**, under the penalties of per-
jury (28 U.S.C. §1746) that a true and correct copy of the foregoing
"Motion to Supplement (Pursuant to Fed.R.App.Proc.Rule 28(J) and
Fed.R.App.Proc.Rule 26.1(B))" has mailed on this 30 day of November,
2017 to the following addresses below:

Clerk of Court
United States Court
Of Appeals Eleventh Circuit
56 Forsyth Street NW
Atlanta, Georgia 30303

JOFFE LAW, P.A.
Attorney for Appellant
The 110 Tower Building
110 S.E. 6th Street
17th Floor, Suite 1700
Ft. Lauderdale, Florida 33301

Charles Schmitz, AUSA
2100 First Street Suite 3-137
Fort Myers, Florida 33901

[ Oath and Affirmation ]

Norris Williams, Pro Se
Register No.
FCC-Coleman-Medium
Post Office Box 1032
Coleman, Florida 33521-
1032

U.S. COURT OF APPEALS
RECEIVED
CLERK

DEC 1 8 2017

ATLANTA, GA

NO. 16-16822-FF

UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

UNITED STATES OF AMERICA,
Appellee

v.

NORRIS WILLIAMS,
Appellant

FEDERAL RULE OF APP.PROC.
RULE 28(J)
LETTER TO THE COURT

**COMES NOW**, Norris Williams who most humbly prays that this Court accepts this letter in "Good Faith", requests this Court accepts the motion filed with this Court for the following reasons:

1. Counsel is not accepting my phone calls, nor accepting the valid claims that affect my substantial rights.

2. Counsel is performing deficiently based on the standards set in the recent Supreme Court decision in **Jae Lee v. United States 137 S.Ct. 1958, 198 L.Ed.2d. 476.** Whereas Counsel failed to file the issues in the preceding motion, pursuant to the addenda rule(1) standards for professional conduct. Appellant's attorney, Mr. Joffe is being unreasonably unproffessional. Mr. Williams prays that this Court take the following supplement and add it to the record.

Respectfully Submitted,

Norris Williams, Pro Se
Register No.
FCC-Coleman-Medium
Post Office Box 1032
Coleman, Florida 33521-
1032

- i -