UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 2:15-cr-149-FtM-38MRM

NORRIS WILLIAMS
_____/

**OPINION AND ORDER**[1]

Before the Court is *pro se* Defendant Norris Williams' Motion for New Trial Pursuant to Federal Rules of Criminal Procedure 33 (Doc. 125). The Government has filed a response in opposition (Doc. 126). For the following reasons, the Court denies Williams' motion.

On April 8, 2016, a federal jury convicted Williams of distributing heroin and possessing heroin with the intent to distribute (Counts 1-3) and for attempting to possess a kilogram or more of heroin with intent to distribute (Count 4) in violation of 21 U.S.C. § 841. (Doc. 80). The Court sentenced Williams to a total of 360 months of imprisonment. (Doc. 108). Williams then appealed. He argued "the district court erred in denying his motion for a judgment of acquittal, abused its discretion in permitting the Government to introduce testimony at trial, erred in relying on the jury's determination of the amount of heroin at sentencing, and erred in applying the career offender enhancement pursuant to

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

U.S.S.G. § 4B1.1." (Doc. 119 at 2). He also challenged his 360-month sentence as substantively unreasonable. (Doc. 119 at 2). The Eleventh Circuit rejected Williams' arguments and affirmed this Court. (Doc. 119).

Williams now moves for a new trial because "there is exculpatory evidence that can and will warrent [sic] a new trial." (Doc. 125 at 2). Williams' allegedly exculpatory evidence comes from a Freedom of Information/Privacy Act request that he made to the Drug Enforcement Administration ("DEA") on January 15, 2018, for information about his criminal case. (Doc. 125 at 9). The DEA responded to Williams' request on May 4, 2018, saying it was "able to identify records about the subject of [his] request." (Doc. 125 at 9). The agency, however, withheld the records because they were compiled for law enforcement purposes and included information on investigative and enforcement efforts. (Doc. 125 at 11-12). Williams appealed the DEA's decision, the outcome of which is unknown. (Doc. 125 at 13). Because the DEA has records about Williams' request, he believes that he has new evidence for this Court to vacate the Judgment and hold an evidentiary hearing under Federal Rule of Criminal Procedure 33. (Doc. 125 at 3).

Rule 33 says, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A defendant has three years after a guilty verdict to file a motion for new trial based on newly discovered evidence. Fed. R. Civ. P. 33(b)(1). "[T]he defendant bears the burden of justifying a new trial." *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006) (internal quotations and footnote omitted). This is no small task because the Eleventh Circuit highly disfavors motions for new trials based on newly discovered evidence, and

courts grant them "only with great caution." *Id.* That said, to obtain a new trial based on newly discovered evidence, a defendant must meet four requirements:

> (1) the evidence must be newly discovered and have been unknown to the defendant at the time of trial; (2) the evidence must be material, and not merely cumulative or impeaching; (3) the evidence must be such that it would probably produce an acquittal; and (4) the failure to learn of such evidence must be due to no lack of due diligence on the part of the defendant.

*United States v. Scrushy*, 721 F.3d 1288, 1304-05 (11th Cir. 2013) (internal quotations and citation omitted). Not satisfying any one requirement is fatal to a motion for a new trial. *See United States v. Taohim*, 817 F.3d 1215, 1223 (11th Cir. 2013).

Here, Williams seeks a new trial based on records the DEA withheld but found responsive to his FOIA request. But there is no evidence the records have exculpatory information beyond Williams' say so. All Williams has is the DEA's letter that it found "recordings pertaining to the subject of [his] request." (Doc. 125 at 9). He does not know what those records are, and neither does the Court. Because Williams has submitted no evidence, the Court cannot decide whether his so-called newly discovered evidence is material and will likely produce an acquittal. Nor can it determine whether the evidence was unknown to Williams at the time of the trial or that he could have learned of it through due diligence. Williams' speculation about the existence of exculpatory new evidence is not sufficient to warrant a new trial. *See United States v. White*, No. 17-12898, 2018 WL 3359547, at *2 (11th Cir. July 10, 2018) (denying a § 2255 motion because the "[d]efendant did not identify any grounds that supported a new trial, nor did he identify any newly discovered evidence").

Because Williams has no newly discovered evidence, the timeliness of his motion is also problematic. Rule 33(b)(2) gives a defendant fourteen (14) days after a verdict to

3

file a motion for a new trial based on something other than newly discovered evidence. Fed. R. Civ. P. 33(b)(2). Because Williams has no newly discovered evidence, Rule 33(b)(2)'s fourteen-day period binds him. He cannot invoke Rule 33(b)(1)'s three-year limitations period. Williams' motion is thus years too late.

Because Williams' motion for a new trial is untimely and does not cite to any newly discovered evidence, the Court denies it.[2]

Accordingly, it is now

**ORDERED:**

Defendant Norris Williams' Motion for New Trial Pursuant to Federal Rules of Criminal Procedure 33 (Doc. 125) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida, on this 27th day of August 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Parties of Record

---

[2] In Williams' motion for a new trial, he criticizes his trial counsel's effectiveness and communication skills. (Doc. 125 at 5-6). Williams makes clear, however, that his motion is one of a new trial and "most humbly requests that this Court not construe it as a 28 U.S.C. §2255 motion." (Doc. 125 at 5).