UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                                    CASE NO.: 2:15-cr-149-FtM-38MRM

NORRIS WILLIAMS
_____

### ORDER[1]

Before the Court is Defendant Norris Williams' *pro se* Motion to Set Aside Forfeiture (Doc. 137), and the Government's response in opposition (Doc. 143). Williams moves to set aside the forfeiture in his case and order the return of the approximately $50,000 that the Drug Enforcement Agency (DEA) seized at his arrest. Williams' claim is two-fold. First, he asserts that the money confiscated was "not completely derived from illegal activity" and is thus exempt from the administrative forfeiture proceedings under the forfeiture statute. Second, Williams alleges the Government failed to provide him proper notice of the administrative forfeiture, which prevented him from contesting the forfeiture. For the following reasons, the Court denies the motion.

### BACKGROUND

Williams was arrested on October 20, 2015, for attempting to purchase one kilogram of heroin from an undercover DEA agent. When Williams attempted to purchase the heroin, he had about $50,000[2] cash in his possession, which the DEA seized. A week

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] After seizing the $50,000, one of the fifty-dollar-bills was determined to be a counterfeit. Thus, $49,950 was seized. (Doc. 143-1).

later, a federal grand jury indicted Williams with four counts of possessing heroin with intent to distribute. (Doc. 12). The Indictment contained a forfeiture provision stating that, upon conviction, Williams "shall forfeit . . . any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offense." (Doc. 12 at 3).

On November 20, 2015, the DEA sent a Personal Notice of Seizure via certified mail to Williams' counsel. (Doc. 143-1). A copy of this notice was also sent to Williams at the Charlotte County Jail via certified mail and was received by the Charlotte County Jail a few days later. (Doc. 143-3).

In a Declaration of Forfeiture, dated February 25, 2016, the DEA advised that the cash was seized on October 20, 2015 pursuant to 21 U.S.C. § 881 and that proper notice was provided to all known parties who may have had a right or interest in the subject property. (Doc. 143-6). The declaration further stated that, the notice of seizure was published but no claim or petition was filed. (Doc. 143-6). Therefore, the DEA declared the funds were to be administratively forfeited to the United States Government pursuant to 19 U.S.C. § 1609. (Doc. 143-4).

On March 2, 2016, the Government filed a Bill of Particulars (Forfeiture) alleging that under Federal Rule of Criminal Procedure 32.2(a), the $50,000 was subject to forfeiture per the Indictment. (Doc. 37). The Government then filed a Notice to the Court Regarding Forfeiture on March 7, 2016, notifying the Court that it will not seek criminal forfeiture of the $50,000 because the DEA administratively forfeited the subject property on March 7, 2016. (Doc. 41). A copy of the notice was sent to Williams' counsel. Then,

on April 8, 2016, a jury later found Williams guilty on all counts of the Indictment (Doc. 80), for which he is serving 360 months' incarceration (Doc. 108).

## DISCUSSION

The exclusive remedy to vacate and set aside a forfeiture is under 18 U.S.C. § 983(e). But the court is limited in its reviews of forfeitures to "determining whether the agency followed the proper procedural safeguards." *Mesa Valderrama v. United States*, 417 F.3d 1189, 1196 (11th Cir. 2005). Section 983(e) outline the procedure for forfeiting property:

> (1) Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if—
>
> (A) the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>
> (B) the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

18 U.S.C. § 983(e)(1)(A)–(B).

For the agency to give proper notice, it is only required that the "notice [be] reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mesa Valderrama*, 417 F.3d at 1196-97 (citation omitted). Reasonable notice "requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice." *Id.*

Williams was clearly provided personal and legal notice of the forfeiture proceedings throughout the entire process, as was defense counsel. So, the argument

3

that the Government did not provide notice fails. Not to mention, the money was seized directly from Williams at the time of his arrest and the forfeiture provision was clearly outlined in the Indictment. The forfeiture was also referenced in his Presentence Investigation Report (Doc. 87 at ¶ 4), a copy of which was provided to Williams and defense counsel prior to sentencing. Therefore, he is not entitled to a claim for relief under 18 U.S.C. § 983(e). Had there been any question as to a right to claim, the time for same has long passed. Williams files his motion to set aside forfeiture four years after the funds were administratively forfeited and the proceedings were concluded.

Williams' argument that the funds are not subject to forfeiture under the Asset Forfeiture Statute because they were not "completely derived from illegal activity" also fails. This argument ignores the language of the statute and its intended purpose. Williams contention that only $5,000 of the money was intended to purchase the drugs has no weight against the record and jury's finding. That aside, the circumstances under which Williams had the money in his possession and the circumstances under which the money was seized both qualify for administrative forfeiture of the approximately $50,000.

Accordingly, it is now

**ORDERED:**

Defendant Norris Williams' Motion to Set Aside Forfeiture (Doc. 137) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on this 30th day of March 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record