UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NORRIS WILLIAMS,

    Petitioner,

v.

                              Case No.: 2:19-cv-271-FtM-38-MRM
                              2:15-cr-149-FtM-38-MRM

UNITED STATES,

    Respondent.
_____/

## **OPINION AND ORDER**[1]

Petitioner Norris Williams, represented by counsel, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence and Memorandum in Support (Doc. 1, § 2255 motion).[2] The Government filed a response in opposition (Doc. 7). The next day, Williams amended his motion adding a footnote (Doc. 8, amended § 2255 motion). In an abundance of caution, the Court directed the Government to file a response to the amended motion, and the Government reincorporated its initial response in opposition (Doc. 12). Because Respondent alluded to statements made by Petitioner's defense counsel in its response, the Court directed Respondent to submit an affidavit

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] The Court refers to the docket in the instant case as "Doc." and Williams' underlying criminal docket at 2:15-cr-149-FtM-38-MRM as "Cr. Doc."

from defense counsel and directed Petitioner to respond to each allegation in defense counsel's affidavit under penalty of perjury. (Doc. 14). Respondent filed the sworn affidavit of Williams' appointed defense counsel David Joffe. (Doc. 15-1). In reply, Petitioner filed an affidavit referring the Court to portions of the sentencing transcript. (Doc. 16). Based upon the record, the Court denies the § 2255 motion, as amended.

## BACKGROUND

On October 28, 2015, Williams was charged in a four-count indictment with three counts of Possession with Intent to Distribute and to Distribute a Detectable Amount of Heroin, under 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and one count of Possession with Intent to Distribute One Kilogram or More of Heroin, under 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(i). (Cr. Doc. 12). After a three-day trial a jury found Williams guilty of all four counts. (Cr. Doc. 80). On October 27, 2016, after determining Williams was subject to enhanced penalties as a Career Offender under USSG § 4B(1)(b)(1), the Court imposed the following sentence: 240 months in prison on counts one through three; a concurrent 360 months in prison on count four; three years of supervised release on counts one through three; and a concurrent five years of supervised release on count four. (Cr. Doc. 108). Williams appealed his conviction and sentence. (Cr. Doc. 110). The Eleventh Circuit affirmed Williams' conviction and sentence, and the United States Supreme Court denied his petition for writ of *certiorari*.

*States v. Williams*, 718 F. App'x 890, 898 (11th Cir. 2017), *cert. denied*, 138 S. Ct. 1709 (2018).

Williams initiated this case on April 24, 2019 by filing the initial § 2255 motion raising five grounds for relief. (Doc. 1). The Government filed a response in opposition. (Doc. 7). The Government concedes the § 2255 motion, as amended, is timely. (Doc. 7, p. 5). The Court agrees. But the Government argues that the grounds raised in the amended § 2255 motion are procedurally barred, refuted by the record, or without merit. (*Id.*, pp. 8-20).

## EVIDENTIARY HEARING

A court must hold an evidentiary hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "If the petitioner alleges facts, that if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." *Griffith v. United States*, 871 F.3d 1321, 1329 (11th Cir. 2017) (quoting *Aron v. United States*, 291 F.3d 708, 714-15 (11th Cir. 2002)). A petitioner need only allege, not prove, facts that would entitle him to relief. *Id.* However, the alleged facts must be reasonably specific, non-conclusory facts. *Aron*, 291 F. 3d at 715, n.6; *see also Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 745 (11th Cir. 2010), *cert. denied*, 563 U.S. 976 (2011) ("The court need not hold a hearing where the claims are "conclusory allegations unsupported by specifics."). Further, if the allegations

3

are "affirmatively contradicted by the record" and "patently frivolous," the court does not have to hold an evidentiary hearing. *Id.*

Williams does not request an evidentiary hearing. (*See generally* Doc. 8). The Court, however, recognizes its obligation under 28 U.S.C. § 2255(b) and independently finds an evidentiary hearing is not warranted.

## LEGAL STANDARD

A prisoner in federal custody may move for his sentence to be vacated, set aside, or corrected on four grounds: (1) the imposed sentence violates the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence was over the maximum authorized by law; or (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A § 2255 motion "may not be a surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (stating § 2255 relief is "reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice" (internal quotations omitted)). The petitioner bears the burden of proof on a § 2255 motion. *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015) (citation omitted).

Generally, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v.*

4

*United States*, 538 U.S. 500, 504 (2003). This procedural default rule "is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Id.* There is an exception: ineffective assistance of counsel claims. *Massaro,* 538 U.S. at 504 (holding failing to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255).

Criminal defendants have a Sixth Amendment right to reasonably effective assistance of counsel. *Strickland v. Washington,* 466 U.S. 668, 686 (1984). A defendant claiming ineffective assistance of counsel must show that (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) the deficient performance resulted in prejudice. *Id.* at 687. *See Roe v. Flores-Ortega,* 528 U.S. 470, 477 (2000) (stating the *Strickland* test applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal). Failing to show either *Strickland* prong is fatal. *See Kokal v. Sec'y, Dep't of Corr.*, 623 F.3d 1331, 1344 (11th Cir. 2010) (stating "a court need not address both *Strickland* prongs if the petitioner fails to satisfy either of them").

"The reasonableness of a counsel's performance is an objective inquiry." *Chandler v. United States,* 218 F.3d 1305, 1315 (11th Cir. 2000) (footnote and citations omitted). "And because counsel's conduct is presumed reasonable, for

5

a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take." *Id.* (footnote and citations omitted). Courts "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690. "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after . . . [an] adverse sentence[.]" *Id.* at 689 (citation omitted). Also, "*Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy." *White v. Singletary*, 972 F.2d 1218, 1221 (11th Cir. 1992).

For the prejudice prong, the petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Against this backdrop, the Court considers each of Williams' claims.

## DISCUSSION

### A. Ground One

In Ground one, Williams raises two distinct claims alleging defense counsel was constitutionally ineffective. First, Williams argues that appointed defense counsel, David Joffe, did not provide him with his "complete discovery

6

or documents" pertaining to his charges. (Doc. 8 at 1-2). Williams claims he asked Joffe for discovery and other evidence being used against him, but Joffe provided him only edited video tapes. Williams alleges the unedited tapes would have proven that the confidential informant (CI) was present at the drug sale, that he gave the drugs to the CI, not Agent Gonzalez. Petitioner claims if he "had the opportunity to present the series of events that transpired it would have given Petitioner an opportunity to present that he was induced to commit the crime." (Id., p. 2). Williams conclusory claim is insufficient and lacks factual specificity. Other than Williams alleging that the CI was present for one drug purchase, he provides no specific facts to support a defense of inducement. Other than one video, Petitioner does not identify what discovery or documents counsel failed to produce. Petitioner's reference to "the series of events" is similarly vague. The CI did not testify. Williams, however, testified in his own defense and admitted he was drug dealer and sold heroin three times to an undercover officer. Williams only contested the amount the drug quantity he intended to buy on October 20, 2015, arguing he wanted to buy a half instead of a full kilogram. Williams challenged the drug quantity at trial and sentencing. He provides no support that the unedited video tapes or any other discovery would have established his innocence or that he was induced to commit the crimes, and the Court finds the claim insufficient and conclusory. *Cowan v. United States*, No. 17-12702-D, 2018 WL 6919887, at *6 (11th Cir.

Sept. 11, 2018). Therefore, the Court dismisses this first claim of ineffectiveness in Ground One as meritless.

Williams intertwines within his discovery claim an argument that Joffe was ineffective for assuring him that "he would only receive 12 years" if he went to trial. (Doc. 8, p. 3). Williams states he went to trial because Joffe assured him he only faced 12 years if convicted. (Id.). The Government argues the record refutes Williams' claim. (Doc. 7, p. 10).

"The standard in *Strickland* applies to challenges of guilty pleas, in addition to jury convictions." *Bonita v. United States*, No. 2:16-cv-729-FtM-29NPM, 2019 WL 4673809, at *5 (M.D. Fla. Sept. 25, 2019). Counsel has a "duty to advise a defendant, who is considering a guilty plea, of the available options and possible sentencing consequences." *Duarte v. United States*, No. 12-22012-Civ-LENARD, 2013 U.S. Dist. LEXIS 201606, *34-35 (S.D. Fla Mar. 20, 2013) (citing *Brady v. United States*, 397 U.S. 742, 756 (1970)).

Williams does not specify the circumstances surrounding Joffe's alleged assurances that he would only get twelve years if he proceeded to trial on all fours counts and was found guilty. For its part, the Government filed an affidavit from Joffe. (Doc. 15-1). Joffe denied ever telling Williams he faced 12 years. Joffe is an experienced criminal defense lawyer and has "acted as defense counsel in federal criminal cases on hundreds of occasions" including cases involving "the federal Controlled Substances Act." (*Id.* at 1, ¶ 2). Joffe

8

is familiar with the federal sentencing guidelines and explained that each of the first three counts carried a maximum term of 20 years and the fourth count carried a minimum term of imprisonment of 10 years and maximum life term. (*Id.* at 2-3, ¶ 5). Joffe is adamant he never told Williams he would face twelve years and explains how it contradicts the penalty framework of the Controlled Substances Act. (*Id.* at 2, ¶ 6). Joffe explains that Williams was not willing to plead guilty to the kilogram threshold in the fourth count but was only willing to plead if the government offered a plea for a lesser quantity in Count Four. (*Id.*, at 2, ¶ 7). Joffe's sworn statements are supported by the colloquy with the Court on the first day of trial when the Court inquired whether any offers were extended to Williams. (Cr. Doc. 89 at 15-16).[3]

---

[3] THE COURT: Did you extend any offers to the defendant?
. . .

MR. JOFFE: Yes, Your Honor. Throughout the course of my appointment in this case, I had discussed with my client the amount of heroin that he believed he was responsible for. Mr. Williams' position is, or it's the position of the defense that we're responsible for half a kilo or less of heroin, no more than half a kilo of cocaine. I have discussed that with AUSA Robert Barclift. Mr. Barclift, he was I guess amenable to my position, went to Mr. Casas for permission, Mr. Casas said, no, that if Mr. Williams wanted to plea, he would have to plea to the entire amount and that we could argue the amount at sentencing. I discussed that with Mr. Williams at least twice if not three times, and it was our position that if Mr. Williams pleas to what's in the indictment that he's locked into an amount, and it makes it very difficult for sentencing purposes to argue that it theoretically should be less. I think in the vein of trying to work it out, Mr. Barclift created the jury instructions with an entrapment instruction, as well as with the amounts of heroin that the government may or may not be able to prove, so that's where we are. I discussed that with Mr. Williams, and Mr. Williams' position was I'm not going to plea to a full kilo of heroin, so that's where we are. And really the only issue at trial for us, well, one of the issues is the amount.

THE COURT: Understood. And, Mr. Williams, that's correct?

The Court ordered Williams, after reviewing Respondent's affidavit, to advise the Court of the following information: (1) whether Williams accepted or rejected each paragraph in Joffe's affidavit; and (2) the circumstances attendant to counsel telling him he only faced twelve years after trial. (Doc. 14 at 2). The Court warned Williams that if he "failed to timely file the Sworn Statement under penalty of perjury, the Court will accept the statements in the attorney's affidavit as stipulated and agreed to by Williams." (*Id.* at 2-3). Although Williams filed a timely sworn statement, he neither (1) accepted or rejected any paragraph of Joffe's affidavit, nor (2) explained the circumstances attendant to counsel telling him he only faced twelve years. (Doc. 16). Instead, Williams reiterated that Joffe told him he only faced twelve years specifying no circumstances surrounding this representation, and then referred to various portions of the sentencing transcript, which provide no support for his claim. (*Id.* at 2 (citing Cr. Doc. 149 at 27-28)). The portion of the sentencing transcript Williams refers to is Joffe's argument at sentencing on another

---

THE DEFENDANT: Yes.

THE COURT: You've had those discussions with your counsel and you feel comfortable and confident that you wish to go to trial in this case?

THE DEFENDANT: If they would have gave me the plea, I would have pled out.

THE COURT: All right. But you do have a dispute with the amount, so it's your choice to go to trial and make them prove the amount?

THE DEFENDANT: Yes, they kept pushing more drugs on me.

unrelated issue—whether Williams should be credited with possession of a whole or half a kilo of heroin. Likewise, at his arraignment, the Court advised Williams of the maximum potential sentence he faced. (Cr. Doc. 3). The Court thus denies Williams' claim that Joffe told him he only faced a maximum of 12 years as factually insufficient and otherwise refuted by the record.

### B. Ground Two

Williams next claims his Fifth Amendment Due Process Rights were violated because "he was not given the inducement instruction" he "requested." (Doc. 8 at 4). Although framed as a due process claim, the claim is one of trial court error. The Court never considered an "inducement instruction." To the extent that Williams is referring to the standard "entrapment" instruction or the "sentencing entrapment" instruction, the record reveals the Court considered both at length. Joffe *did* request a jury instruction on entrapment and sentencing entrapment (although he later withdrew his request for a sentencing entrapment instruction), and the Court *did* deny the request after hearing argument. (Cr. Doc. 90 at 240-258; Cr. Doc. 79- final jury instructions).

A district court's refusal to give jury instructions on various defenses do not raise an issue of due process. *See Puig v. United States*, No. 8:01-cr-252-T-17MSS, 2006 WL 1540260, at \*3 (M.D. Fla. May 31, 2006) (finding that collateral attacks on a court's refusal to give various jury instructions were not constitutional claims). Instead, the Eleventh Circuit reviews these issues for

11

reversible error on appeal. *See United States v. Jordan,* 582 F.3d 1239, 1247 (11th Cir. 2009) (The Eleventh Circuit "review the district court's refusal to give a requested jury instruction for abuse of discretion."). Williams should have, but did not, raise this issue on direct appeal. *See Williams,* 718 F. App'x at 890. Nor has Williams shown cause for not appealing the issue or prejudice. *See Massaro,* 538 U.S. at 504 (stating "claims not raised on direct appeal may not be raised on collateral review unless the petitioner *shows cause and prejudice.*" (emphasis added)). The closest Williams comes to claiming prejudice is his claim he "was not able to fully develop his [entrapment] theory of the case defense" because the Court did not give an entrapment instruction. (Doc. 8 at 6). The record refutes this argument. Joffe argued government entrapment in his closing argument, and Williams took the stand and testified to the elements of government entrapment. *See* (Cr. Doc. 90 at 190-230) (Williams' testimony he was subject to government entrapment); (Cr. Doc. 91, pp. 26-30) (Defense Counsel's Closing argument on government entrapment). Therefore, Williams has shown neither cause nor prejudice and Ground Two is procedurally barred.

    **C.    Ground Three**

Williams assigns ineffectiveness to Joffe because he did not object, on *Crawford* grounds, to the Government's introduction of laboratory reports and "forc[e] the Government to produce the actual analyst." (Doc. 8 at 8). The

12

record refutes this claim. The Government introduced the lab reports through two "actual analyst[s]." (Cr. Doc. 89 at 256-261, 274-279). And Joffe did object to introducing the reports. (Cr. Doc. 89 at 266). The Court denies Ground Three as refuted by the record.

### D. Ground Four

In Ground Four, Williams argues counsel was constitutionally ineffective because he did not object to two of Williams' prior convictions to support his enhanced sentence as a career offender. (Doc. 8 at 8-9). Again, the sentencing record refutes this claim. Joffe did object to Williams' prior convictions at sentencing and claimed they "were being used multiple times." (Cr. Doc. 114 at 11-15). And Williams' career offender status was confirmed on appeal. *See Williams*, 718 F. App'x at 896-97. His argument supporting this ground is "materially identical" to the claim he raised on direct appeal. *Hidalgo v. United States*, 138 F. App'x 290, 293 (11th Cir. 2005). Here, Williams raises the career offender issue under the guise of an ineffective-assistance-of-counsel claim. (Doc. 8 at 8-9). But Williams "cannot repackage the same facts as a different argument" on collateral attack because any new arguments, based on facts argued, are now procedurally barred. *Id.* at 294 (citing *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004)). Because Williams raised the predicate issue on direct appeal, the Court will not

13

consider it again in his collateral motion. The Court dismisses Ground Four as procedurally barred, refuted by the record, and otherwise without merit.

### E.  Ground Five

In his final claim of ineffective assistance of counsel, Williams faults counsel for failing to argue that conspiring to violate 21 U.S.C. § 841(a) was "unconstitutionally vague." (Doc. 8 at 12-21). The record does not refute the factual accuracy of this claim. (Cr. Docs. 89; 90; 91; 114) (trial and sentencing transcript). But this claim is without merit. Williams essentially attacks the entire federal drug statutory scheme as facially unconstitutional. Further, counsel could not properly challenge his prior predicate felony convictions at sentencing. *United State v. Phillips*, 120 F. 3d 227, 231 (11th Cir. 1997). Finally, the Eleventh Circuit has already found that 21 U.S.C. § 841(a)-(b) and 846 are not vague. *United States v. Ford*, 270 F.3d 1346, 1347 (11th Cir. 2001). Thus, Joffe is not deficient for failing to argue a potential change in the law. *See Porter v. United States*, No. 18-15082-F, 2019 WL 2452772, at *1 (11th Cir. Mar. 27, 2019); *Johnson v. United States*, No. 2:06-cr-4-FTM-29SPC, 2012 WL 2996593, at *5 (M.D. Fla. July 23, 2012) ("Because the statute was not void for vagueness or a standardless violation of due process, petitioner's attorney did not provide ineffective assistance by failing to challenge [it]."). The Court thus finds Ground Five fails under *Strickland's* deficiency prong.

Accordingly, it is now

14

**ORDERED:**

(1) The Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 1), as amended (Doc. 8), is **DENIED.**

(2) The Clerk is **DIRECTED** to enter judgment, terminate any pending motion as moot, and close this case.

(3) The Clerk is **DIRECTED** to docket this Opinion and Order in the corresponding criminal file at 2:15-cr-149-FtM-38-MRM and terminate any pending motions.

**IT IS FURTHER ORDERED: A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citations omitted). Petitioner has not made the requisite showing. Finally, because Petitioner

may not have a certificate of appealability, he may not appeal *in forma pauperis*.

**DONE** and **ORDERED** in Fort Myers, Florida on October 30, 2020.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record