MEMORANDUM OF LAW

Comes now Petitioner Norris Williams, "Mr. Williams" who files this motion pro se' prays that this court construe this motion liberally *see* Haines v Kerner 404 U.S 519 (1972). Mr. Williams brings this petition before the courts based on the evidence that was recovered from the F.O.I.A[1]. This request that was initiated in 2018 . The initial request was for tapes and phone calls that were not presented at trial. The court ordered the defendants(namely the Department of Justice) in the suite to turn over all documents . Mr. Williams received 220(84 pages were excluded) pages that were not presented to him before trial. The evidence received were not in his discovery[2] at trial nor direct appeal. Mr. Williams did not have the opportunity to bring the evidence before the courts. The evidence that is available was previously ***unavailable*** at the time of sentencing, direct appeal and Writ Of Certiorari to the United States Supreme Court. Mr. Williams tried to have the court ***stay*** his Federal Rule Of Criminal Procedure 33 motion. The Court have denied the motion as premature(without Prejudice). Without Mr. Williams having the opportunity to present it to the courts that prejudice Mr. Williams not only during trial but after his conviction became final. Mr. Williams only had partial documents during his 2255. The court in Washington D.C. ordered the Government to turn over documents in which was not available during trial. The order from the District Court in Washington D.C. plainly stated that once Plaintiff' case becomes final The Plaintiff should have necessary documents previously unavailable. The Government Sent Mr. Williams documentation on April 5, 2022, along with among other things a "Vaughn Index" listing what can be released and what cannot be released. The documentation that Mr. Williams have is proven to be exculpatory in nature because had Mr. Williams had documentation, he would

---

[1] FREEDOM OF INFORMATION ACT
[2] Mr. Williams did not receive discovery material.

have been able to prove that he was given drugs not only by the officers but also by the informants, whom were working *with* the officers. Also, the documents that were uncovered have the then Prosecution stating that the DEA "Maintain all Evidence until the case is final" those statements alone prove that Mr. Williams was prejudiced. He was prejudiced because that statement was made on 1/20/2017 "*when*" Mr. Williams was on direct appeal and after trial. Not having full evidence for trial and direct appeal violates the U.S. Constitution This *fact* remains clear in the 5th and 6th amendment of the United States Constitution states that;

5th

**"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of <u>life, liberty, or property</u>, without <u>due process of law;</u> nor shall private property be taken for public use, without just compensation."**

6th

**"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the *<u>witnesses against him</u>*; to have *<u>compulsory process for obtaining witnesses in his favor</u>*, and to have the Assistance of Counsel for his defense."**

The trial proceedings that Mr. William had to endure speaks against the standards  the Constitution permits. Going to trial without sufficient evidence speaks volumes of a violation occurring. Here Mr. Williams at trial and at sentencing *specifically* asked for *evidence*. The evidence was not produced nor was Mr. Williams provided with an explanation as to "*why*" the truth of the matter was revealed when Mr. Williams  filed for the F.O.I.A documents.  The Documents that proved, he was not given a fair trial.

### Argument

The Trial proceeding are protected by the  5th and 6th Amendment of the United States Constitution. Mr. Williams did not have that. He was taken to court within a short time span. The trial proceedings were brief, and he was not given adequate evidence to prepare for a defense. Mr. Williams then attorney did not file to receive documentation, nor did he file to make a request that the record is incomplete. That prejudice Mr. Williams because he was not given the opportunity to effectively prepare a good sound strategy for his defense *see* McCoy v. Louisiana 138 S. Ct. 1500(2018);

> **"Trial management is the lawyer's province: Counsel provides his or her assistance by making decisions such as `what arguments to pursue, what evidentiary objections to raise, and what agreements to conclude regarding the admission of evidence."'**

. The Supreme court have clarified that when a defendant have gone to trial without sufficient evidence violates the Due process clause of the 5th amendment .

> **" In Brady, the Supreme Court held that a criminal defendant's due process rights are violated if the prosecution suppresses exculpatory evidence that is material to the defendant's guilt or punishment."**

The documents that were held were not only tapes but documentation as to the operation that was done against Mr. Williams. Mr. Williams did not have a chance against the government. The 116 Congress in its second session have amended **S. 1380 or the *"Due Process Protections act"*** to the Federal Rules Of Criminal Procedure 5 rules *"pertaining"* to the government withholding exculpatory evidence. The applicability of those changes not only created clarity as to Mr. Williams situation, but it also gives guidance to the courts as to determine when exculpatory evidence is supposed to given to the defendant. Mr. Williams brings this evidence after he was sentenced. Also, to make Mr. Williams claim more viable then City Council on the record stated that Fort Myers Police Department have a long standing history of corruption(see Attached). Mr. Williams have exercised due diligence. He have filed with the court of appeals that he was not given a fair trial. He have wrote numerous letters to the court pertaining to counsel *"not"* being effective. The exercise of due diligence standard have been met. The record from the Court in Washington D.C coupled with the F.O.I.A have proven that Mr. Williams was not given a fair trail that he was not given sufficient evidence.

### Evidentiary Hearing

Mr. Williams request an evidentiary hearing the Supreme Court held that a federal court must grant an evidentiary hearing to a habeas applicant when the fact-finding procedure employed by the state was not adequate to afford a full and fair hearing. *See Townsend* v. Sain, 372 US 293 – Supreme Court (1963 )hearing based on the Fact his trial was unfair

### 28 U.S.C. 2255 (F) 4.

Mr. Williams brings this petition based on the newly discovered evidence standard. The evidence he presents before the court today was previously unavailable. The Brief that was filed by the DOJ was filed on April 5, 2022. Mr. Williams did not have full disclosure until it was mailed after April 5, 2022.

**Conclusion**

Mr. Williams Prays that this Grant this motion, Grant him a new trial with a New Attorney and or

vacate the conviction in its entirety.

**Certificate of Service**

I Norris Williams certify that a true and correct copy have been Mailed to AUSA **Nicole M.**

**Andrejko  U.S. Attorney for the Middle district of Florida on this Day of 28 April 2022.**

Respectfully    submitted

Norris Williams

Norris Williams
#33221-018
FCC Coleman -
Low
P.O. Box 1031
Coleman, FL
33521-1031

**Nicole M. Andrejko**

US Attorney's Office - FLM
Suite 3100
400 W Washington St
Orlando, FL 32801
407/648-7560