UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NORRIS WILLIAMS,

    Petitioner,

v.                            Case Nos.:   2:22-cv-309-SPC-MRM
                                                    2:15-cr-149-SPC-MRM

UNITED STATES OF AMERICA,

    Respondent.

                                                            /

## **OPINION AND ORDER**[1]

Before the Court is Norris Williams' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1).[2] This is Williams' second § 2255 motion. The Court denied his first on October 30, 2020. (Cr-Doc. 146).

"A second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals[.]" 28 U.S.C. § 2255(h). Williams' second motion, which is based on newly discovered evidence, is subject to the certification requirement. But Williams has not

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] The Court cites to documents from 22-cv-309 as (Doc. __) and documents from 15-cr-149 as (Cr-Doc. __).

shown that the Eleventh Circuit Court of Appeals certified it. The Court will thus deny it without prejudice. Williams may re-file the motion if certified by the Eleventh Circuit Court of Appeals.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking relief under § 2255 has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell,* 537 U.S. 322, 335–36 (2003) (citations omitted). Williams has not made the requisite showing here and may not have a certificate of appealability on any ground of his Motion.

Accordingly, it is now

**ORDERED:**

Norris Williams' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is **DENIED without**

**prejudice**. The Clerk is **DIRECTED** to enter judgment against Williams and for Respondent, terminate any pending motions and deadlines, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on May 16, 2022.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record