UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                             CASE NO.: 2:15-cr-149-FtM-38MRM

NORRIS WILLIAMS

## **ORDER**[1]

Before the Court is Defendant Norris Williams' pro se Motion to Correct Clerical Errors in Presentence Report (Doc. 152), along with the Government's opposition (Doc. 154) and Defendant's reply (Doc. 155). He asks the Court to correct his Final Presentence Investigative Report ("PSR") so that certain prior criminal offenses are counted singularly rather than separately. If successful, Defendant may achieve an improved custody classification status with the Bureau of Prisons. (Doc. 152 at 3).

About six years ago, the Court sentenced Defendant to 360 months' imprisonment after a jury convicted him of four heroin-related offenses. (Doc. 80; Doc. 108). He appealed and lost. (Doc. 119). He also has filed several post-conviction motions to no avail. (Doc. 145; Doc. 146; Doc. 149). Undeterred, Defendant now moves the Court to correct alleged clerical errors in calculating

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

seven criminal history points in his PSR for these state and federal cocaine offenses: 99-CF-2982, 99-CF-2983, 99-CF-4465, and 2:00-cr-37-FtM-29DNF. (Doc. 87 ¶¶ 40, 42-43).  In the federal case (2:00-cr-37-FtM-29DNF), no extra criminal history points were assigned to the state offenses (99-CF-2982, 99-CF-2983, 99-CF-4465) because they were related conduct.  Defendant believes the same should have happened here and moves the Court to fix the PSR under Rule 36 of the Federal Rules of Criminal Procedure.

Rule 36 governs clerical errors.  It lets a court "at any time correct a clerical error in judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.  "It is clear in this Circuit that Rule 36 may not be used to make a substantive alteration to a criminal sentence." *United States v. Davis*, 841 F.3d 1253, 1261 (11th Cir. 2016) ((quoting *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004)).  And that's precisely what Defendant tries to do here.

Defendant alleges an error far from clerical.  No minor mistake or scrivener's error occurred in the PSR that requires correction.  It's clear that Defendant is trying to alter substantively his criminal history score and category.  He already tried to do so on direct appeal and collateral relief. (Doc. 119 at 10-12; Doc. 134).  Neither worked.  So he cannot try to repackage a litigated matter as a clerical error to achieve a desired result.  His requested relief goes far beyond Rule 36's procedural reach.

What's more, the Court correctly calculated the prior state and federal offenses separately in the PSR. The Eleventh Circuit has agreed. To be clear, the Court separately scored Defendant's prior state and federal offenses because they are unrelated to the heroin offenses here. They are unrelated, in part, because a dozen or so years have passed between the crimes and different drugs were involved then and now. Also, when Defendant was sentenced in the prior federal case, the Sentencing Guidelines advised the judge not to award criminal history points to the related state offenses. This did not mean that the judge considered the federal and state offenses as one. Nor did it mean that those offenses were to travel together as a single offense for other future federal cases (like here).

At bottom, Rule 36 may not be used to alter to a criminal sentence. Because that's what Williams' motion wants the Court to do, it denies the requested relief.

Accordingly, it is now

**ORDERED:**

Defendant Norris Williams' pro se Motion to Correct Clerical Errors in Presentencing Report Pursuant to Rule 36 of the Federal Rules of Criminal Procedure (Doc. 152) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on September 14, 2022.

Copies: Parties of Record