UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NORRIS WILLIAMS,

    Petitioner,

v.                                                      Case No.:  2:19-cv-271-SPC-MRM

UNITED STATES OF AMERICA,

    Respondent.
_____/

## OPINION AND ORDER

Before the Court is Petitioner Norris Williams' Motion for Consideration Under Federal Rule of Civil Procedure 60(b)(6) (Doc. 27). The Court denied Williams' motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on October 30, 2020. (Doc. 17). The Eleventh Circuit denied Williams' request for a certificate of appealability because Williams failed to show he had a claim reasonable jurists would find debatable. (Doc. 25). The Supreme Court denied certiorari. (Doc. 26). Now, more than three years after entry of judgment, Williams seeks relief from the judgment under Rule 60(b). Williams argues the Court committed an error of law by declining to hold an evidentiary hearing, and he asks the Court to hold a hearing so he can relitigate his § 2255 motion.

Rule 60(b) allows courts to relieve a party from a final judgment for certain enumerated reasons, including: "(1) mistake, inadvertence, surprise, or excusable neglect" and "(6) any other reason that justifies relief." Williams purports to seek relief under Rule 60(b)(6), but he cannot. "Rules 60(b)(1) and (6) are mutually exclusive, and a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1)." *MacPhee v. MiMedx Group, Inc.*, 73 F.4th 1220, 1251 (11th Cir. 2023). Because Williams seeks relief from a final judgment based on an alleged mistake in the application of law, he must proceed under (b)(1). *Id.* But under either subsection, Williams' motion is untimely. Rule 60(b) motions "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Williams did not file his motion within a year after entry of judgment or within a reasonable time.

Williams also asks the undersigned judge to disqualify herself if unable to make an impartial decision. That request is denied. The Court's denial of Williams' § 2255 motion was based on the law and the facts before the Court, not bias or prejudice. Indeed, the Eleventh Circuit held that no reasonable jurist would find Williams' claims of error debatable. The Court has likewise considered the present motion impartially and objectively. There are no grounds for recusal here. *See United States v. Akel,* 610 F. App'x 875, 877 (11th

Cir. 2015) ("Just because those rulings were not in Akel's favor does not mean that they establish any bias or prejudice.").

Accordingly, Petitioner Norris Williams' Motion for Consideration Under Federal Rule of Civil Procedure 60(b)(6) (Doc. 27) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on February 2, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

3